1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CASE NO. CR12-5398 JRC |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW PLEA |
| JAMES BARBER, | |
| Defendant. | |

THIS MATTER having come before the Court on defendant's Motion for Order Allowing Withdrawal of Guilty Plea (ECF No. 14) and the Court having reviewed motion (ECF No. 14), defendant's memorandum, with the attached transcript of proceedings and declaration of James Barber (ECF No. 14.1), and the Court having reviewed Government's opposition to defendant's motion to withdraw plea, with the attached Exhibits A – M (ECF No. 17), and having further reviewed the records and files herein, the Court hereby concludes that defendant has presented "a fair and just reason" for requesting withdrawal of the guilty plea and thereby GRANTS defendant's motion to withdraw the plea.

DISCUSSION

A defendant may withdraw a guilty plea pursuant to Fed. R. Cr. P. 11 after the Court accepts the plea and before the Court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." *Id*. Fed. R. Cr. P. 11(d)(2)(b).  Although the defendant has the burden to show a fair and just reason, the standard should be liberally applied. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).  Pleading guilty to a misdemeanor such as this one can have significant consequences on Mr. Barber.  The Court recognizes that this is a difficult decision, which is why the Court is required under the rules to spend a significant amount of time engaged in a colloquy with the defendant -- to make sure that the plea was done knowingly, intelligently, and voluntarily.

Here, defendant has stated in his affidavit that he believed he could withdraw his guilty plea at any time before the sentence is imposed.  (ECF No. 14-1, Declaration of James Barber, page 2, lines 9-13.)  He claims that this was based on the Court's paraphrasing of paragraph 5(d) of the Plea Agreement, which reads:

> Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

ECF No. 5, page 4, line 13-14.  As is not uncommon in a colloquy, the Court did not replicate the language, but instead paraphrased the Plea Agreement and said, "You can't withdraw your guilty plea once you hear the sentence of the court."  Transcript of Proceedings, page 16, lines 6-8.

Defendant also claims that he received new information from a witness after the plea was signed and after the Court accepted the plea.  He states that he talked to Kai Brainard on November 3, 2012 and that he learned for the first time that Mr. Brainard took apart the backwash valve that had not been working properly and concluded that Mr. Barber's actions

giving rise to the discharge was the result of a faulty valve.  (Declaration of James Barber, ECF No. 14-1, lines 1-5.)  Defendant states that had he known this information, he would not have entered this plea agreement.

Both arguments are supported by some evidence. One thing is clear. At this point, there is no longer a meeting of the minds. If forced to proceed, the Court would be hard pressed to conclude that defendant's guilty plea is still voluntary. Therefore, the guilty plea will be withdrawn and this matter will be scheduled for trial.

It should be noted that the Government makes a strong case that Mr. Barber was aware of this faulty valve before entering into the Plea Agreement. *See, e.g.,* Defendant's Statement to Law Enforcement on February 29, 2012, Exhibit K; Defendant's September 18, 2012 Statement at the U.S. Attorney's Office, Exhibit D, pages 27-30; Plaintiff's Civil Demand Letter, dated November 2, 2012, Exhibit I, at 5-6.

A defendant can claim that new evidence provides a "fair and just reason" for withdrawing his guilty plea if the evidence is both: (1) newly discovered, and (2) plausibly could have motivated a reasonable person in the defendant's position to plead not guilty. *See United States v. Showalter*, 569 F.3d 1150, 1157 (9th Cir. 2009) (*citing United States v. Garcia*, 401 F.3d 1008, 1010-11 (9th Cir. 2005).

Considering the difficulty Mr. Barber had reaching this decision, it is plausible to conclude that with this additional information, from a source who had not been previously deposed or interviewed, Mr. Barber may have chosen not to enter into the Plea Agreement and, instead, would have chosen to defend against the charges.

The government has requested an evidentiary hearing on this motion. (ECF No. 17, page 16.)  The Court's decision whether to conduct an evidentiary hearing is generally within the

1  Court's discretion and is only reviewed for an abuse of discretion.  *United States v. Siya*, 247

2  F.3d 929, 934 (9th Cir. 2001); *United States v. Houston,* 217 F.3d 1204, 1206-07 (9th Cir. 2000).

3  Here, the Court does not believe that an evidentiary hearing would be useful to decide this issue.

4  Therefore, the Government's motion is DENIED.

5  Dated this 24th day of January, 2013.

_____

J. Richard Creatura
United States Magistrate Judge